Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5036 | **DATE** | 7/26/2012 |
| **CASE TITLE** | Bruce Smith (2010-0528206) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $20.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Defendant Cook County is dismissed. The clerk shall issue summonses for service on defendant Sheriff Dart and Aramark Food Services and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Plaintiff may not proceed with claims against Sheriff Dart and remains in the case solely so that plaintiff can identify the John Doe defendants.

■[ For further details see text below.]

## STATEMENT

    Pro se plaintiff Bruce S. Smith, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

    The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $20.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

    Turning to the initial review of the complaint, plaintiff challenges the quality and manner that food is served at the Cook County Jail. He claims that meals are served cold exposing them to bacteria. The meals

# STATEMENT

are also transported on a dirty handcart increasing the risk of transmitting diseases.

Plaintiff also challenges the quality of the food provided. The meals are continued repeats of sandwich meats, ground turkey and carrots. He claims this fails to provide the proper nutrition and also exposes him to harmful levels of nitrates found in the processed meat. He maintains that his health has been harmed as a result and that the menu poses further serious health risks.

"A [jail] detainee is entitled to a healthy environment including 'providing nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" *Todd v. Dart*, No. 09 C 4611, 2010 WL 4448043, at *6 (N.D. Ill. Oct. 25, 2010) (quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)). Plaintiff may proceed with claims that he was wrongfully exposed to diseases through the food, and that the food was harmful to him. *Cf. Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (constitution prohibits exposing prisoners to infectious diseases).

Plaintiff has also alleged that the putative defendants are aware of these problems with the meals but have not acted to resolve them.

Plaintiff may proceed against defendant Aramark Food Services, the company responsible for providing food at the Jail via a contract with Cook County. However, plaintiff cannot proceed against Cook County because there is no suggestion that these alleged violations were pursuant to an official policy, widespread pattern or practice, or decision by a final policymaker. *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Equally, plaintiff cannot proceed against Sheriff Dart because there is no plausible allegation that he was personally involved with the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff has also names John Doe defendants. He should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4.

Sheriff Dart remains as a defendant solely so that plaintiff may discovery the identity of the presently unknown defendants who were personally involved with the alleged constitutional violations. Once an attorney has entered an appearance on Dart's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the individuals who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns their identities, he may submit a proposed amended complaint that names them. Summonses will then issue for service on these defendants, and Sheriff Dart will be dismissed as a defendant. Plaintiff is advised that there is a two year statute of limitations for his claims. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Plaintiff must submit a proposed amended complaint naming these defendants within the statute of limitations period if he wishes to proceed against them. *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).

Should plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the

| STATEMENT |
|---|

Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

Defendant Cook County is dismissed. The clerk shall issue summonses for service on defendant Sheriff Dart and Aramark Food Services and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Plaintiff may not proceed with claims against Sheriff Dart and remains in the case solely so that plaintiff can identify the John Doe defendants.

Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, the Cook County Jail shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendants pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.