IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE SMITH, PAUL WASHINGTON, and JOHNNY SMITH, individually and for a class, <br><br> Plaintiffs, <br><br> v. <br><br> COOK COUNTY, THOMAS DART, and ARAMARK CORRECTIONAL SERVICES, LLC, <br><br> Defendants. | No. 12 C 05036 <br><br> Judge John J. Tharp, Jr. |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Bruce Smith, Paul Washington, and Johnny Smith, individually and on behalf of a class, bring this lawsuit under 42 U.S.C. § 1983, alleging that Cook County, Sheriff Thomas Dart (the "Sheriff"), and Aramark Correctional Services, LLC ("Aramark") violated their civil rights by serving unsanitary and nutritionally inadequate meals to detainees at the Cook County Department of Corrections ("Cook County Jail") between April 9, 2011 and September 10, 2012 ("the relevant time period"). Aramark now moves to dismiss the plaintiffs' Amended Complaint pursuant to Rule 12(b)(6). For the reasons stated below, Aramark's motion is denied.

### BACKGROUND

Bruce Smith, Paul Washington, and Johnny Smith were pretrial detainees at Cook County Jail for all or part of the relevant time period.[1] During this period, Aramark was contractually

---

[1] In reviewing a motion to dismiss, the Court may consider: (1) the plaintiff's complaint and any documents attached to it, (2) documents attached to the motion to dismiss that are critical to the complaint and referred to in it, (3) additional facts set forth in the plaintiff's response to the motion or in any documents attached to the response, as long as those additional facts are consistent with the allegations in the complaint, and (4) information that is subject to proper judicial notice (such as public records). *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1

responsible for providing food services at the jail, including one hot meal and two cold meals daily for each detainee. The meals were prepared in the Central Kitchen and then delivered to several different divisions on the jail campus using carts. Since the carts were not heated or insulated, were difficult to maintain fully clean, and were sometimes in transit for several hours, food was exposed to potential contaminates during the delivery process and hot meals were allowed to cool to unsafe temperatures that allowed for bacterial growth. In addition, the standard diet included at least nine weekly servings of bologna, which the plaintiffs contend made the food nutritionally inadequate and caused them to consume harmful levels of sodium and nitrates.

The plaintiffs allege that these food conditions existed pursuant to a system wide policy and that the defendants ignored or failed to reasonably address the conditions even though the plaintiffs had submitted grievances describing the issues, federal monitors had discussed the food conditions in their reports, and the plaintiffs had sought medical treatment for injuries caused by the food. The plaintiffs state that they suffered gastrointestinal problems and mental anguish as a result of the food provided at the jail, and that Plaintiff Bruce Smith also had to increase the dosage of his blood pressure medication. The plaintiffs seek compensatory damages for themselves and the class of persons who were served the standard diet while incarcerated at Cook County Jail during the relevant time period. The Court has federal jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

(7th Cir. 2012); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). When considering these materials, the Court accepts the plaintiff's factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Gessert v. United States*, 703 F.3d 1028, 1033 (7th Cir. 2013). The factual background is therefore summarized with this standard in mind and drawn primarily from the Amended Complaint (Dkt. 43).

**DISCUSSION**

The pending motion seeks to dismiss the complaint as against Aramark. "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although a court must accept all of the plaintiff's factual allegations as true when reviewing the complaint, conclusory allegations merely restating the elements of a cause of action do not receive this presumption. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under Section 1983, a plaintiff must sufficiently allege that a person acting under color of state law violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). If suing a private corporation or a municipal entity, the plaintiff must also sufficiently allege that the violation was caused by a policy or custom of the defendant. *Rodriguez*, 577 F.3d at 822. Aramark argues (1) that the Amended Complaint fails to allege a constitutional violation, (2) that Aramark is not a state actor, and (3) that even if Aramark were a state actor, the plaintiffs have failed to allege that their injuries were caused by a policy or custom of Aramark.[2]

---

[2] Aramark also argues that any claims for injunctive and declaratory relief against it must be dismissed. The Court declines to address this argument as the plaintiffs have limited their request for relief to compensatory damages.

A.      **Constitutional Violation**

The due process clause of the Fourteenth Amendment protects pretrial detainees from cruel and unusual conditions of confinement. *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Although detainees "cannot expect the amenities, conveniences and services of a good hotel," *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988), they have a right to "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to [their] health and well being." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.1985). To prevail on a conditions-of-confinement claim, a plaintiff must show (1) that the conditions posed a substantial risk of serious harm to the plaintiff's health and (2) that the defendants were aware of and disregarded that risk. *See Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

The plaintiffs here have sufficiently alleged the first element, as the Amended Complaint states that they suffered physical and mental injuries from food that contained harmful levels of sodium and nitrates, was nutritionally inadequate, was exposed to contaminants, and was served at unsafe temperatures. *Cf. Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (finding allegations of rancid and nutritionally deficient food sufficient to state a Section 1983 claim); *Jubeh v. Dart*, No. 11 C 3873, 2011 WL 6010267, at *3 (N.D. Ill. Nov. 29, 2011) (denying a motion to dismiss where plaintiff allegedly suffered stomach pains due to Aramark's unsanitary delivery practices); *Drake v. Velasco*, 207 F. Supp. 2d 809, 812 (N.D. Ill. 2002) (denying a motion to dismiss where plaintiff claimed the food served by Aramark "[did] not meet the minimal standards of safety," was "routinely unsanitary," and negatively impacted his health); *Pritchett v. Page*, No. 99 C 8174, 2000 WL 1129891, at *5 (N.D. Ill. Aug. 9, 2000) (noting that "the constant presence of contaminants rises to the level of constitutional concern" and denying a

motion to dismiss a claim involving allegations of insufficient portions, unsanitary food handling practices, and physical illness after meals). The plaintiffs have also sufficiently alleged that the defendants consciously disregarded the risk to their health; the Amended Complaint states that the plaintiffs sought medical treatment and submitted grievances about the food conditions, that a summer 2012 federal monitor report noted food safety and quality issues, and that the defendants failed to reasonably address the complaints. *Cf. Drake*, 207 F. Supp. 2d at 812 (stating that "defendants can be expected to know of systemic conditions" and denying a motion to dismiss even though plaintiff did not allege that Aramark had received complaints about the food). *See generally McRoy v. Sheahan*, No. 03C4718, 2006 WL 2714836, at *9 (N.D. Ill. Sept. 22, 2006) ("[A]ctual knowledge of . . . harm can be inferred from circumstantial evidence."), *aff'd*, *McRoy*, 268 F. App'x 479. Accordingly, the plaintiffs have adequately alleged a violation of their constitutional right to be free of cruel and unusual conditions of confinement.

### B. State Action

When a state delegates a constitutional duty to a private entity who contractually assumes the state's obligation, the private entity's actions may be considered state action. *West*, 487 U.S. at 56 ("The State bore an affirmative obligation to provide adequate medical care to West; the State delegated that function to respondent Atkins; and respondent voluntarily assumed that obligation by contract."); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 55 ("[T]he delegation of [a] traditionally exclusive public function to a private [actor] g[ives] rise to a finding of state action."). As explained above, the state has a duty to provide safe and nutritionally adequate food to detainees. *French*, 777 F.2d at 1255. The plaintiffs have alleged that Aramark was "contractually responsible for providing food services to detainees at the Cook County Jail." Amended Complaint, Dkt. 43, ¶ 9. Although Aramark argues that the specifics of

its food service responsibilities were insufficient to make it a state actor for Section 1983 purposes, that is a factual question inappropriate for determination at the motion to dismiss stage.[3] The plaintiffs have therefore sufficiently alleged that Aramark was a state actor. *Cf. Horton v. Sheriff of Cook Cnty.*, No. 11 C 6064, 2012 WL 5838183, at *2 (N.D. Ill. Nov. 16, 2012) (rejecting Aramark's arguments on the state actor issue and denying its motion to dismiss); *Jubeh*, 2011 WL 6010267, at *2 (same).

### C. Policy or Custom

As noted above, a plaintiff suing a private corporation under Section 1983 must sufficiently allege that a policy or custom of the private corporation caused the constitutional violation. *See Rodriguez*, 577 F.3d at 822. The plaintiffs here have alleged that the "defendants had a system wide policy to provide nutritionally inadequate food that was prepared and served under [unsafe] conditions" and that Aramark was responsible for providing food services and training and supervising the kitchen staff. Amended Complaint, Dkt. 43, ¶¶ 9, 11, 14. These types of allegations are sufficient at the motion to dismiss stage. *See Jubeh*, 2011 WL 6010267, at *3 ("[The] allegations indicate that the unprotected covering of food and delays with delivering meals was and is a continuing condition that has existed since 2009. . . . Such a widespread practice may constitute a custom to establish a[] . . . claim against Aramark."); *Best v. Aramark Corr. Servs., LLC*, No. 2:14-CV-243-JMS-DKL, 2014 WL 4980553, at *3 (S.D. Ind.

---

[3] Aramark has attached portions of its contract with the Cook County Department of Corrections to its opening brief, and points to this material in support of its arguments about the scope of its responsibilities. But whether those contract provisions accurately define the role Aramark played in providing food service at Cook County Jail is a question of fact; the mere existence of a contract that sets out specific duties does not necessarily establish, as a matter of law, that the actual duties, responsibilities, and role played by Aramark were coterminous with those contractual provisions. And in any event, Aramark has not clearly explained how the contract text supports its argument. *Cf. Horton*, 2012 WL 5838183, at *2 ("Aramark states in conclusory fashion that the contract "refutes" plaintiff's allegations [on the state actor question], but then it never explains why this is so.").

Oct. 6, 2014) ("[The] assertion that 'Aramark is not providing nutritionally adequate food on a regular basis . . . .' is sufficient at the pleading stage to allege a 'custom or usage' on the part of Aramark to provide constitutionally inadequate meals." (citing *Jubeh*, 2011 WL 6010267)); *Holleman v. Aramark Corp.*, No. 1:11-CV-323-TWP-DKL, 2013 WL 4542875, at *2 (S.D. Ind. Aug. 27, 2013) ("[Plaintiff] has alleged that Aramark routinely provided him and other inmates with short food portions [even after being investigated for that issue]. . . . These allegations are sufficient to allege an unconstitutional policy . . . ."). Accordingly, the plaintiffs have sufficiently alleged all the required elements to state a Section 1983 claim against Aramark.

\*      \*      \*

For the reasons stated above, the motion to dismiss is denied.

Date: January 29, 2015

John J. Tharp, Jr.
United States District Judge